IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CARL ZEISS MEDITEC, INC., a New York corporation, and CARL ZEISS SURGICAL GMBH a German corporation,<br><br>Plaintiffs,<br><br>v.<br><br>XOFT, INC., a Delaware Corporation,<br><br>Defendant. | C.A. No. 10-308-JJF<br><br>DECLARATION OF MICHAEL KLEIN IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(a) |

I, MICHAEL KLEIN, declare as follows:

1. I am the President and Chief Executive Officer of Defendant Xoft, Inc. ("Xoft"). I make this Declaration on my own personal knowledge and can competently testify to the matters set forth below, if called upon to do so.

2. I understand that Plaintiffs Carl Zeiss Meditec, Inc. and Carl Zeiss Surgical GmbH (the "Zeiss Plaintiffs") filed a patent infringement action on April 16, 2010 against my company, Xoft. In its First Amended Complaint, the Zeiss Plaintiffs allege that Xoft is making, using, selling and/or offering to sell a radiation application system and radiation source that infringes certain of the Zeiss Plaintiffs' patent rights, namely those purportedly disclosed and claimed in U.S. Patents No. 6,421,416; 5,556,221; 5,621,780 and 6,285,735 ("patents-in-suit") Complaint, ¶¶ 16, 26, 36 and 46.

3. The Zeiss Plaintiffs sued Xoft without notifying Xoft of any alleged infringement dispute.

OHS West:260924632.1

4. Xoft has not sold any products in the State of Delaware. It has made one effort to sell to a potential customer in Delaware, but that offer did not result in a sale.

5. Xoft is not registered to do business in the State of Delaware.

6. Xoft does not own any property in the State of Delaware.

7. Xoft does not lease any office space, or any other space, in the State of Delaware and does not do any business in Delaware.

8. Xoft does not have any warehouse or storage locations in the State of Delaware.

9. Xoft does not have any distribution facilities in the State of Delaware.

10. Xoft does not have any repair facilities in the State of Delaware.

11. Xoft does not have any telephone number, listed or unlisted, in the State of Delaware.

12. Xoft does not employ any people in the State of Delaware.

13. Xoft does not have any employees specifically assigned to travel to the State of Delaware for business purposes.

14. Xoft has not conducted any sales or marketing meetings in the State of Delaware.

15. Xoft does not run any advertisements in Delaware newspapers or specifically direct advertising to the merchants and consumers in the State of Delaware.

16. Xoft does not have any marketing or sales operations located in the State of Delaware.

17. Xoft does not have any independent sales agents in the State of Delaware.

18. Xoft does not have any employees who make sales calls in the State of Delaware.

19. Xoft does not specifically direct any business to the State of Delaware.

20. Xoft does not sponsor any local events – such as scientific meetings – in the State of Delaware.

21. Xoft does not conduct any regular or systematic business activities in the State of Delaware.

22. Xoft does not have an ongoing presence of any significant kind in the State of Delaware.

23. Xoft does not have any targeted or measured online campaigns or programs that target the State of Delaware.

24. None of Xoft's data transmissions or online activity originate from the State of Delaware.

25. Xoft does not record any revenue from a Delaware-related source.

26. Xoft does not operate any subsidiaries or other relating entities in the State of Delaware.

27. Xoft does not own any bank accounts in the State of Delaware.

28. Xoft does not file tax returns in the State of Delaware. Xoft does pay an annual Franchise Tax in Delaware.

29. Xoft has never brought suit in the State of Delaware and, prior to this lawsuit, has never been sued in the State of Delaware.

30. All significant contracts, and specifically the terms and conditions that apply between Xoft and any other entity, generally identify California as the venue state.

Any choice of law terms and conditions generally provide a California "choice of law" requirement. No significant contracts require a Delaware venue or mandate a Delaware "choice of law" requirement.

31. In their First Amended Complaint, the Zeiss Plaintiffs identify Carl Zeiss Meditec ("Zeiss Meditec") as a New York corporation, having a principal place of business in Dublin, California and Carl Zeiss Surgical GmbH ("Zeiss GmbH") as a German corporation having its principal place of business in Oberkochen, Germany.

32. In their First Amended Complaint, the Zeiss Plaintiffs do not indicate that either of them has any place of business, in the State of Delaware. The Zeiss Meditec's North American website, www.meditec.zeiss.com/us only states that it has a place of business at 5160 Hacienda Drive, Dublin, CA 94568.

33. The patents-in-suit identify three inventors: Donald O. Smith, Arlan P. Sliski and Kenneth J. Harte, all of whom are identified as residing in Massachusetts. On information and belief, available sources state that each of them continue to reside in Massachusetts and not in Delaware.

34. Xoft's only offices are located in Sunnyvale, California. Xoft's engineering personnel knowledgeable regarding the design, development, manufacture and use of the Axxent products accused of infringement are all located in northern California and work out of Xoft's main facility located in Sunnyvale, CA. All international sales, international marketing, and support personnel work out of Xoft's main facility located in Sunnyvale, California.

35. All of the documents related to the design, development, manufacture, international sales, distribution and use of the Axxent products accused of infringement

4

are located in northern California. No such documents are located in the State of Delaware.

36. All documents describing the functionality of the Axxent products accused of infringement and Xoft's activity to secure regulatory approval for sale of the those Axxent products in the United States are located in northern California. No such documents are located in the State of Delaware.

37. Xoft employs in total approximately 49 individuals. Xoft has a relatively small, but highly qualified, research and development department. Specifically, the number of employees and consultants involved in the design and development of its Axxent products consists of 8 individuals. The number of Xoft's employees involved in Xoft's regulatory activities — that is the activities directed toward seeking approval from the FDA to market and sell its Axxent products in the United States, consists of approximately 3 individuals. Because they are so few in number, and their respective responsibilities so fundamental to the ongoing success of Xoft, to remove these engineering, research and development, or regulatory personnel from their daily activities at Xoft for long periods of time would severely impact company operations.

38. There are many former Xoft employees who held positions at a senior level who do not reside in Delaware but do presently reside within the Northern District of California and who have information relevant to the design, development, manufacture and/or marketing of the Axxent products accused of infringement. These third-party witnesses include: Dr. Paul Lovoi, former Chief Technical Officer, who was responsible in very large part for the development of Xoft technology which is used in the Axxent products; Steven Axelrod, former Senior Director of Applied Research; Michael Forman,

former Principal Scientist; Steven Hansen, former Vice President, Research & Development; Joseph Heanue, former Vice President, Research & Development; Robert Matthews, former Executive Vice President of Engineering; and Peter Smith, former Vice President, Manufacturing.

39.     By contrast, the Zeiss Plaintiffs are part of a huge multi-billion dollar company, Carl Zeiss GmbH, employing thousands of individuals and conducting business around the world.

40.     Litigating in the District of Delaware would place a severe strain on Xoft's limited number of employees and would hamper Xoft's business operations. The key personnel of Xoft would have to contend with cross-country travel and extended leaves of absence from company operations. The costs of attending a trial across the country in the State of Delaware, compared with attending the same trial in the Northern District of California, either the San Jose Division or the San Francisco division, would disproportionately impact financial operations at Xoft. Costs associated with travel, including the time key employees would have to be away from their jobs, even on days that they are not testifying or preparing to testify, would be substantial. By contrast, if the trial were held in the Northern District of California, in either the San Francisco or San Jose divisions, the disruption would be relatively minor, since employees of the company would not be required to engage in significant travel time. Rather, those employees could drive to the trial and otherwise spend their time in activities related to the design, development and distribution of Xoft's products.

41.     I believe the Zeiss Plaintiffs have chosen to file this action in Delaware to damage the financial health of my company. Because Xoft is a small, relatively new

company and the Zeiss Plaintiffs are part of a huge, multi-national company, the relative ability of Xoft to finance cross-country litigation heavily favors the Zeiss Plaintiffs.

I declare under the penalty of perjury of the laws of the United States of America, that the foregoing is true and correct.

Executed this 8th day of July, 2010.

_____
Michael Klein

## CERTIFICATE OF SERVICE

I, Pilar G. Kraman, Esquire, hereby certify that on July 9, 2010, I caused to be electronically filed a true and correct copy of the foregoing with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to counsel of record.

I further certify that I caused a copy of the foregoing document to be served via e-mail on the below listed counsel:

William J. Marsden, Jr. [marsden@fr.com]
Linhong Zhang [lwzhang@fr.com]
Fish & Richardson P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, Delaware 19801
(302) 652-5070

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Pilar G. Kraman*

Pilar G. Kraman (#5199)
The Brandywine Building
1000 West St., 17th Floor
Wilmington, Delaware 19899-0391
pkraman@ycst.com
302-571-6600

*Attorney for Defendant Xoft, Inc.*