**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CARL ZEISS MEDITEC, INC., a New York corporation; and CARL ZEISS SURGICAL GMBH, a German corporation, | : | |
| Plaintiffs, | : | |
| v. | : | C. A. No. 10-308-LPS-MPT |
| XOFT, INC., a Delaware corporation, | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION**

## I. Introduction

Carl Zeiss Surgical GmbH is a German corporation that is headquartered in Oberkochen, Germany, which owns U.S. Patent Nos. 6,421,416 ("the '416 patent"), 5,566,221 ("the '221 patent"), 5,621,780 ("the '780 patent"), and 6,285,735 ("the '735 patent").[1] Carl Zeiss Meditec, Inc. is a New York corporation that is headquartered in Dublin, California, which is a controlled subsidiary and exclusive licensee of Carl Zeiss Surgical GmbH (Carl Zeiss Surgical GmbH and Carl Zeiss Meditec, Inc. hereinafter "Zeiss").[2] Zeiss's patents are directed at technologies used in medical devices that perform radiotherapy medical treatments. Defendant Xoft, Inc. (hereinafter "Xoft") is a privately-held Delaware corporation with its headquarters and principal place of business in Sunnyvale, California.[3] Xoft is a medical device company specializing in x-

---

[1] D.I. 9 at 1.
[2] *Id.* at 2.
[3] *Id.* at 1.

ray devices that treat cancer.[4]

### A. Procedural Background

On April 16, 2010, pursuant to 35 U.S.C. § 271, Zeiss filed suit in the United States District Court for the District of Delaware against Xoft alleging infringement of the '416, '221, and '780 patents.[5] On May 26, 2010, Zeiss filed an amended complaint that included a fourth claim of infringement of the '735 patent.[6] On July 9, 2010, pursuant to 28 U.S.C. § 1404(a), Xoft filed a motion to transfer this case to the United States District Court for the Northern District of California.[7] Presently under consideration is Xoft's motion to transfer.

### B. Legal Standard

Pursuant to 28 U.S.C. § 1404(a), this court has the authority to transfer this action to the Northern District of California. Section 1404(a) provides that a district court may transfer a civil action "[f]or the convenience of parties and witnesses, in the interest of justice" to a district in which the action might have been brought.[8] The plaintiff's choice of forum, however, should not be lightly disturbed: the moving party has the burden to establish that the forum is proper and that balancing the relevant private and public interests weighs heavily in favor of transfer.[9] A transfer is denied if the parties'

---

[4] D.I. 13 at 3.
[5] D.I. 1.
[6] D.I. 9.
[7] D.I. 12.
[8] 28 U.S.C. § 1404(a); *see Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 208 (D. Del. 1998).
[9] *Jumara v. State Farm Ins. Co*., 55 F.3d 873, 879 (3d Cir. 1995) (examining "all relevant factors to determine whether, on balance, the litigation would more conveniently proceed and the interests of justice [would] be better served by a transfer to a different forum").

interests, as applied, are evenly balanced or slightly favor transfer.[10] The plaintiff's chosen forum is a paramount consideration even where the forum is not the plaintiff's "home turf" or where the alleged wrongful conduct occurred.[11]

An initial issue is whether the Northern District of California is a proper forum for this case.[12] Any federal district court has subject matter jurisdiction over a federal patent law claim.[13] Therefore, because any patent infringement claim may be brought where the defendant resides or where the acts of infringement occur, the Northern District of California is a proper alternative forum for this case.[14]

When ruling on section 1404(a) motions, the court must weigh the relevant private and public interests to determine if transfer is proper.[15] The relevant private interests include: (1) plaintiff's forum preference; (2) defendant's forum preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) convenience of witnesses to the extent that they may be unavailable for trial in a certain forum, and; (6) the location of sources of proof to the extent production may be unavailable in a

---

[10] *See, e.g.*, *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970); *Cont'l Cas. Co. v. Am. Home Assur. Co.*, 61 F. Supp. 2d 128, 131 (D. Del. 1999).

[11] *Affymetrix, Inc.*, 28 F. Supp. 2d at 200 (citing *Shutte*, 431 F.2d at 25) (suggesting that "whether the plaintiff is leaving or remaining on his 'home turf' to file suit in Delaware, the degree of consideration paid to this choice stays the same-it is 'paramount'").

[12] *Jumara*, 55 F.3d at 879; *see also Ballard Med. Prods. v. Concord Labs. Inc.*, 700 F. Supp. 796, 801 (D. Del. 1988) ("If the transfer would merely switch the inconvenience from defendant to plaintiff, the transfer should not be allowed.").

[13] *See* 28 U.S.C. §§ 1331, 1338.

[14] 28 U.S.C. § 1400 (noting judicial districts are proper for adjudication "where the defendant has committed acts of infringement and has a regular and established place of business").

[15] *Jumara*, 55 F.3d at 879.

certain forum.[16] The relevant public interests include: (1) enforceability of the judgement; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) relative administrative difficulty in each forum resulting from court congestion; (4) local interest in deciding the dispute, and; (5) public policies of the forum.[17] The private and public interest factors are applied in a holistic manner to determine if transfer is proper under the circumstances.[18]

### C. Positions of Parties on Motion to Transfer

Xoft argues that the public and private interest factors collectively favor transfer where the relevant infringing conduct, witnesses, documents, and records are located elsewhere and may be unavailable.[19] In addition, Xoft complains that the only basis for Delaware jurisdiction is that Xoft is incorporated in Delaware.[20]

Zeiss argues that the District of Delaware is a rational and legitimate forum, reasoning that: Xoft is incorporated in Delaware; Delaware is a convenient east coast venue for trial witnesses; this district's judges have expertise in patent infringement cases and use of alternative dispute resolution, and; Xoft will not be unduly burdened by defending itself outside of California.[21]

## II. Analysis

After weighing the public and private interest factors, the court recommends that Xoft's motion to transfer be denied.

---

[16] *Id.*
[17] *Id.*
[18] *Id*.
[19] D.I. 13 at 11-12.
[20] *Id.*
[21] D.I. 17 at 5, 13-17

The private interest factors support this recommendation. The parties' choice of forum does not favor transfer. Xoft argues that the transferee forum is the most convenient forum for litigation and that Zeiss's chosen forum is not its "home turf."[22] Plaintiff's choice of forum, however, is given paramount consideration even where the chosen forum is not the plaintiff's "home turf" or location of the alleged wrongful conduct.[23] Zeiss also argues that Xoft has sufficient resources to litigate in Delaware, reasoning that Xoft has a domestic and international business presence that is demonstrated by its operation as a medical device company and attendance at trade shows.[24] Moreover, "when a corporation chooses to incorporate in Delaware and accept the benefits of incorporating in Delaware, it cannot complain once another corporation brings suit against it in Delaware."[25]

Additional private interest factors weigh neutral or only slightly in favor of transfer, including: (3) whether the claim arose elsewhere; (5) convenience of witnesses to testify, and; (6) location of sources of proof. Xoft's only tangible property and principal place of business is in Sunnyvale, California, which is located in the Northern District of California. Xoft's alleged infringement predominantly occurred there, but Xoft concedes that it conducts domestic and international business outside California.[26] Wherever the

---

[22] D.I. 13 at 3.

[23] *See, e.g., Affymetrix, Inc.*, 28 F. Supp. 2d at 200; *Cont'l Cas. Co.*, 61 F. Supp. 2d at 131 ("Where . . . the Plaintiff's choice of forum is not its 'home turf,' the Plaintiff's choice is still given paramount consideration."); *see also Mallinckrodt Inc. V. E-Z-EM Inc.*, 670 F. Supp. 2d 349, 357 (D. Del. 2009).

[24] D.I. 17 at 7-8.

[25] *Mallinckrodt Inc.*, 670 F. Supp. 2d at 357 (citing *Critikon, Inc. v. Becton Dickinson Vascular Access, Inc.*, 821 F. Supp. 962, 965 (D. Del. 1993)).

[26] D.I. 13 at 11.

proceeding is held, patent litigation is costly, time-consuming, and may interfere with business operations.[27] Xoft may prefer the transferee forum for reason of convenience of relevant evidence, but Xoft sold its alleged infringing products outside of California reducing any tip of the balance in favor of transfer.[28] Thus, the location of the alleged wrongful conduct weighs neutral.

Substantive justice cannot be served when key witnesses are not within the subpoena power of the court in the chosen forum.[29] Witness unavailability is considered "to the extent that the witnesses may actually be unavailable for trial in one of the fora."[30] This court is unable to subpoena Xoft's prospective third-party witnesses located in the Northern District of California but inconvenient must be distinguished from unavailable.[31] While Xoft may have third-party witnesses that are necessary for litigation, Xoft produced no substantiated evidence that third-party witnesses are unwilling to appear for trial.[32] Comparatively, in *Mentor Graphics Corp. v. Quickturn Design Systems Inc.*, the court found that unavailability of important third-party witnesses tipped the scale in favor of transfer where the moving party provided a declaration that third-party witnesses were unavailable in the chosen forum.[33] Here,

---

[27] D.I. 17 at 11-14; *see Amgen, Inc. v. ARIAD Pharma., Inc.*, 513 F. Supp. 2d 34, 45 (D. Del. 2005); *Ace Capital v. Varadam Found.*, 392 F. Supp. 2d 671, 673 (D. Del. 2005) (stating that courts consider whether litigation in the chosen forum disrupts business operations when deciding a motion to transfer).

[28] *Ballard Med. Prods.*, 700 F. Supp. at 798.

[29] *Affymetrix, Inc.*, 28 F. Supp. 2d at 203.

[30] *Jumara*, 55 F.3d at 879.

[31] *Mentor Graphics Corp. v. Quickturn Design Sys. Inc.*, 77 F. Supp. 2d 505, 510 (D. Del. 1999).

[32] D.I. 13 at 11.

[33] *Mentor Graphics Corp.*, 77 F. Supp. 2d at 510-11; *Acuity Brands, Inc. v. Cooper Indus., Inc.*, C.A. No. 07-444-GMS, 2008 WL 2977464, at *2 (D. Del. 2008)

Xoft offered no such evidence. It is reasonable to provide information, via affidavit for example, to prove that a witness is unavailable.[34] Moreover, "a flight to Delaware is not an onerous task warranting transfer."[35] Therefore, the convenience of the forum for witnesses weighs only slightly in favor of transfer.

The location of the sources of proof are likewise considered only to the extent those sources are unavailable.[36] Zeiss argues that document production costs are implicit in litigation.[37] Xoft argues that the relevant documents are located in California and that it is inconvenient to produce such documents in Delaware: Mr. Klein, the President and Chief Executive Officer of Xoft, states that "no documents relating to design, development, manufacture or use of" the allegedly infringed patents are located in Delaware.[38] However, similar to the inability of the defendant in *Acuity Brands, Inc.* to prove that relevant documents were unavailable or that electronic discovery is unreasonable, Xoft neither identified nor argued that any sources of proof are

("[The movant] fails to demonstrate that . . . [third-party witnesses] . . . will be either unable or unwilling to travel to Delaware.").

[34] *Mentor Graphics Corp.*, 77 F. Supp. 2d at 512; *Affymetrix, Inc.*, 28 F. Supp. 2d at 203-5.

[35] *Acuity Brands, Inc.*, 2008 WL 2977464, at *2 (citing *Auto. Tech. Int'l, Inc. v. Am. Honda Motor Co., Inc.*, C.A. No. 06-187-GMS 2006 WL 3783477, at *2); *see also Mentor Graphics Corp.*, 77 F. Supp at 510 (noting "the convenience of witnesses that are employees of a party carries no weight because the parties are obligated to procure their attendance at trial") (citing *Affymetrix, Inc.*, 28 F. Supp. 2d at 203).

[36] *Jumara*, 55 F.3d at 879.

[37] D.I. 17 at 14.

[38] D.I. 13 at 16 (declaring that all documents relating to the design, development, manufacture, or use of the allegedly infringing devices or documents relating to FDA approval of the allegedly infringing medical devices, are located in California); *see* D.I. 14 (Declaration of Michael Klein, Xoft's President and CEO).

*unavailable* for litigation in Delaware.[39] Zeiss is likewise required to provide sources of proof for litigation in Delaware that are not located in the State of Delaware. The shared inconvenience of the parties weighs neutral and does not favor transfer. Therefore, the private interest factors collectively do not strongly favor transfer.

Similarly, the public interest factors do not strongly favor transfer. Where public interest factors are not disputed, the factors weigh neutral.[40] Here, this includes: the court's enforcement of the judgement; the congestion of the dockets in the respective forum, and; the public policies of the forum.[41] Zeiss argues that the public interest factors favor the chosen forum because Delaware has a strong interest in disputes concerning its corporate citizens and that practical considerations, specifically the option of dispute resolution, make Delaware the more expeditious forum.[42] By contrast, Xoft argues that witness and document availability should be persuasive when deciding if the interests of justice and judicial economy favors transfer. Xoft contends that the public interest factors favor transfer because a trial in Delaware is inconvenient and expensive.[43]

Even if it were more convenient, inexpensive, and in the interests of justice to litigate in California, this consideration only slightly favors transfer. Xoft's argument is flawed because Xoft has not yet presented a definitive document or witness list, thus

---

[39] *Acuity Brands, Inc.*, 2008 WL 2977464, at *3 ("[The movant] acknowledges that today's modern technology allows for the easy exchange of electronic discovery."); D.I. 13 at 15.

[40] *Mallinckrodt Inc. v. E-Z-EM Inc.*, 670 F. Supp. 2d 349, 357 (D. Del. 2009).

[41] D.I. 13 at 16-18 (acknowledging the public interest factors not under dispute); D.I. 17 at 12-14.

[42] D.I. 17 at 17-18.

[43] D.I. 13 at 15-16.

provides no basis for its inconvenience of witnesses' argument.[44] It is true that both Xoft and Zeiss have their U.S. headquarters and principal places of business in California, may procure necessary witnesses, documents, and records in this forum, and would not be disproportionately inconvenienced by litigation in the transferee forum.[45] But, similar to the defendant's argument in *Mallinckrodt Inc. v. E-Z-EM Inc*.[46] that incorporation is an insufficient public interest factor to prevent transfer, Xoft is incorrect to suggest that mere incorporation in Delaware represents insufficient public interest to litigate in Delaware. As stated earlier, "Delaware has an interest in litigation regarding companies incorporated within its jurisdiction."[47] Moreover, there is no similar pending action between the parties in a separate jurisdiction that would favor transfer as serving the interests of justice.[48] Therefore, the public interest factors collectively do not strongly favor transfer.

Thus, Xoft has not carried the burden of proving that the private and public interest factors strongly favor transfer.

**III. Order and Recommended Disposition**

For the reasons stated herein, this Court recommends that Defendant Xoft's motion to transfer (D.I. 12) pursuant to 28 U.S.C. § 1404(a) be denied.

---

[44] D.I. 13 at 17 (conceding that Xoft does not yet have a definitive witness list to evidence claim that certain third-party witnesses will be called at trial).

[45] D.I. 13 at 10, 16-17; D.I. 17 at 5.

[46] 670 F. Supp. 2d at 357.

[47] *Ace Capital v. Varadam Found.*, 392 F. Supp. 2d 671, 676 (D. Del. 2005)

[48] *See, e.g.*, *Mallinckrodt Inc.*, 670 F. Supp. 2d at 358 (noting that transfer may be appropriate where pending action in separate jurisdiction "involves the same parties, similar technologies, and a common field of prior art"); *see Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F. Supp. 473, 487 (D. Del. 1993).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation.[49] The objections and response to the objections are limited to ten (10) pages each.

The parties are directed to the Court's standing Order in Non Pro Se matters for Objections Filed under Fed. R. Civ. P. 72, dated November 16, 2009, a copy of which is available on the Court's website, www.ded.uscourts.gov.

Dated: 10/13/2010

/s/ Mary Pat Thynge
United States Magistrate Judge

[49] Fed. R. Civ. P. 72(b)