## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CARL ZEISS MEDITEC, INC., a New York     :
corporation; and CARL ZEISS SURGICAL     :
GMBH, a German corporation                  :

              :

         Plaintiff,                   :

              :

         v.                       :        Civ. No. 10-308-LPS-MPT

              :

XOFT, INC., a Delaware corporation       :

              :

         Defendant.                :

## MEMORANDUM ORDER

At Wilmington, this 30th day of March, 2011, having considered the Report and

Recommendation issued by Magistrate Judge Mary Pat Thynge on October 12, 2010 (D.I. 39),

the parties' objections thereto (D.I. 40; D.I. 41), and recent Federal Circuit precedent Defendant

Xoft brings to the Court's attention (D.I. 44; D.I. 46; D.I. 91; D.I. 92), and having reviewed the

record pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a);

**IT IS HEREBY ORDERED** that the objections are overruled and the Report and

Recommendation is accepted and adopted for the reasons that follow:

1.      <u>Legal Standard</u>. The Federal Magistrates Act gives magistrate judges the

authority to consider both dispositive and non-dispositive pre-trial motions, subject to two

different standards of review by a district court judge. *See* 28 U.S.C. § 636; *see also Haines v.*

*Liggett Group, Inc.,* 975 F.2d 81 (3d Cir. 1992). On non-dispositive motions, a district court

judge reviews timely objections and may modify or set aside any part of the order that is "clearly

erroneous or is contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a).

Motions to transfer venue are non-dispositive motions and, therefore, a district court judge

reconsiders any part of the findings and conclusions in connection with such a motion that are "clearly erroneous" or "contrary to law." *Id.*

2.    Parties' Contentions.

a.    Xoft contends that Judge Thynge committed legal error in several respects. (D.I. 40 at 4) First, Xoft argues that Judge Thynge "ignored" the "settled position" of Delaware courts that when the proposed transferee forum is more convenient and has more "substantial connections" with the litigation, the sole fact that a defendant is incorporated in the state of Delaware should not prevent transfer. (*Id.* at 4-5) In Xoft's view, Judge Thynge also did not consider the importance of the fact that Delaware is not the "home turf" of either party, including Plaintiff Zeiss; in fact, the parties' headquarters are "34 miles apart in Northern California." (*Id.*) Finally, Xoft argues that Judge Thynge improperly "require[d]" that Xoft submit affidavits that third-party witnesses were not only beyond the subpoena power of this Court, but also that the witnesses were unwilling to testify in Delaware. (*Id.* at 8)

b.    Zeiss disagrees with each of Xoft's points and contends that this Court should adopt Judge Thynge's report in full. In particular, Zeiss reiterates that the witnesses Zeiss intends to call and much of the evidence upon which Zeiss intends to rely is largely outside of California. For Zeiss, an east coast forum is more convenient. (D.I. 41 at 4-5) Zeiss also argues that the cases Xoft cites in support of its arguments involving the location of evidence and the parties' respective states of incorporation are inapposite. (*Id.* at 8)

3.    Discussion.

a.    Xoft's basic position rests on the proposition that Judge Thynge placed too much weight on the fact that Xoft is incorporated in Delaware and too little weight on the fact that Zeiss's headquarters is in Northern California. The Court disagrees. Judge Thynge made

clear that she considered both the private and public interests that the Third Circuit employs in evaluating motions to transfer. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995). In particular, Judge Thynge thoughtfully explained that the convenience of witnesses and location of sources of proof – which are considered only to the extent that they are "unavailable" – were either "neutral" or weighed "only slightly in favor of transfer." (D.I. 39 at 5) Juxtaposed with these considerations, Judge Thynge also made clear that, in the Third Circuit, a plaintiff's choice of forum – which Xoft concedes is a "paramount consideration" – should not be lightly disturbed. *Jumara*, 55 F.3d at 879; *see also Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 199 (D. Del. 1998); D.I. 40 at 5.

        b.     Xoft's objections notwithstanding, Judge Thynge did not create any blanket "requirement" that a defendant must proffer affidavits that third-party witnesses would not only be unavailable, but that they would also be unwilling to testify at trial. (D.I. 40 at 8) Judge Thynge merely found Xoft's submissions on this point unpersuasive in the absence of any support for the claim that Xoft's third-party witnesses would not willingly travel to Delaware.

        c.     Xoft also directs the Court's attention to two recent Federal Circuit decisions issued after the objections in this case had been filed. *See In re Acer Corp.*, 2010 WL 4911307 (Fed. Cir. Dec. 3, 2010); *In re Verizon Business Network Services, Inc.*, 2011 WL 1026623 (Fed. Cir. Mar. 23, 2011). In both of these cases, the Federal Circuit reversed rulings from the Eastern District of Texas that had denied defendants' motions to transfer. Initially, the Court notes that both *In re Acer America* and *In re Verizon* arise in the Fifth Circuit, which places less emphasis on a plaintiff's choice of forum than the Third Circuit. *Compare Affymetrix*, 28 F.Supp. at 200 *with In re Genentech*, 566 F.3d 1338, 1342 (Fed. Cir. 2009) (discussing no paramount consideration for plaintiff's forum choice). Further, both cases are

distinguishable. *In re Acer America* involves twelve defendants, eleven of which were headquartered in California. The inventor also resided in California. *See* 2010 WL 4977307, at *4-5. Here, by contrast, the inventors live in Massachusetts, several of the witnesses Zeiss intends to call live on the east coast, and a single defendant's headquarters is in California. The decision in *In re Verizon* stands for a very narrow proposition: when the proposed transferee forum would be "far more convenient," a district court may not deny transfer simply because a prior lawsuit involving the same parties and patents (a suit that had settled more than five years prior) had been litigated in the same forum. *See In re Verizon*, 2011 WL 1026623, at *2-3. Judge Thynge did not even mention a prior lawsuit between these parties, much less rely too heavily on one in her balancing analysis.

        d.      At bottom, the Court finds that Judge Thynge's Report and Recommendation does not commit clear error, nor are her conclusions contrary to law. *See* 28 U.S.C. § 636(b)(1)(A). Instead, Judge Thynge correctly applied 28 U.S.C. § 1404(a), along with Third Circuit case law, and properly placed the burden of establishing the need for transfer on Xoft as the movant. When the scales are evenly balanced or only slightly tipped in favor of transfer, as Judge Thynge found in this case, the movant has not met its heavy burden.

    4. <u>Conclusion</u>. Judge Thynge's Report and Recommendation carefully weighed the relevant public and private interests and found that, on balance, the convenience of parties and witnesses and the interests of justice did not warrant transferring this case to California. (D.I. 39 at 3-4; *id.* at 9) This Court agrees and adopts the Report and Recommendation fully.

 

                                                                _____
                                                               Hon. Leonard P. Stark
                                                               UNITED STATES DISTRICT JUDGE