IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CARL ZEISS MEDITEC, INC., a New York corporation; and CARL ZEISS SURGICAL GMBH, a German corporation,<br><br>                Plaintiffs,<br><br>   v.<br><br>XOFT, INC., a Delaware corporation,<br><br>                Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:    C. A. No. 10-308-LPS/MPT<br>:<br>:<br>:<br>: |

**REPORT AND RECOMMENDATION**

**I. INTRODUCTION**

The court now considers plaintiffs' motion for leave to amend its complaint pursuant to Federal Rule of Civil Procedure 15 to add a new defendant, iCAD. For the reasons set forth below the court recommends plaintiffs' motion be granted.

**II. BACKGROUND**

This is a patent infringement case that was filed on April 16, 2010. In its original complaint, plaintiffs, Carl Zeiss Meditec, Inc. and Carl Zeiss Surgical GMBH, allege that defendant, Xoft, directly infringed on three of plaintiffs' patents.[1] On May 26, 2010, plaintiffs filed its first amended complaint alleging direct infringement by Xoft on an additional patent.[2] Xoft filed its answer to plaintiffs' first amended complaint on July 7, 2010.[3]

---

[1] D.I. 1.
[2] D.I. 9.
[3] D.I. 11.

A scheduling order was entered on August 16, 2010 setting January 14, 2011 as the deadline for joining additional parties and filing amended pleadings; May 12, 2011 as the date for the claim construction hearing; June 17, 2011 as the discovery cutoff and October 14, 2011 for filing dispositive motions. On December 30, 2010, Xoft was acquired by iCAD. Plaintiffs filed the within motion on January 14, 2011 seeking leave to amend its complaint pursuant to Federal Rule of Civil Procedure 15 to add iCAD. Xoft opposes the motion to amend on the grounds that it is incorrectly filed and the proposed complaint fails to allege sufficient facts to justify adding iCAD as a defendant.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 15

FED R. CIV. P. 15(a)(2) provides that, on a motion to amend a pleading, "[t]he court should freely give leave [to amend] when justice so requires."[4] "The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that a particular claim will be decided on the merits rather than on technicalities."[5] In the absence of "undue delay, bad faith or dilatory motive on the part of the movant, . . . . undue prejudice to the opposing party . . . , [or] futility of amendment," a court should permit amendment.[6]

---

[4] Fed. R. Civ. P. 15.
[5] *Infineon Techs. AG v. Fairchild Semiconductor Int'l*, Civ. No. 08-887-SLR-LPS, 2009 U.S. Dist. LEXIS 94736, at *11–12 (D. Del. Sept. 30, 2009) (quoting *Abbott Labs. v. Johnson & Johnson, Inc.*, 524 F. Supp. 2d 553, 557 (D. Del. 2007) (internal quotation marks omitted)).
[6] *Id.* at *12 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also CCPI Inc. v. Am. Premier, Inc.*, 967 F. Supp. 813, 815 (D. Del. 1997).

Rule 15(d) governs the filing of supplemental pleadings and provides: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."[7] "'The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed.'"[8] "Leave to file a supplemental complaint under Rule 15(d) rests within the court's discretion and should be freely granted if it will promote the just disposition of the case, not cause undue prejudice or delay, and not prejudice the rights of any parties."[9] The court applies Rule 15(d) in a manner aimed at securing the just, speedy and inexpensive determination of every action[10]—"[t]he standard applicable to motions to amend under

---

[7] Fed. R. Civ. P. 15(d). *See Medeva Pharma Ltd. v. Am. Home Prods. Corp.*, 201 F.R.D. 103, 104 (D. Del. 2001) ("Federal Rule of Civil procedure 15 governs the filing of supplemental pleadings."). *See also Owens-Illinois, Inc. v. Lake Shore Land Co.*, 610 F.2d 1185, 1188–89 (3d Cir. Pa. 1979), wherein the court discusses the distinction between an amendment and a supplemental pleading:
> Although the district judge originally characterized the claim for specific performance as an "amendment to the complaint," in dismissing the defendant's counterclaim and answer he correctly termed the plaintiff's request a "supplemental pleading" under Rule 15(d). Because it refers to events that occurred after the original pleading was filed, a supplemental pleading differs from an amendment, which covers matters that occurred before the filing of the original pleading but were overlooked at the time. One of the intended uses of a supplemental pleading is to change the nature of the relief initially requested, as was done here. Under Fed.R.Civ.P. 15(d), the trial court determines whether a responsive pleading is advisable, and the judge acted within that discretion in declining to accept the counterclaim.

[8] *Matsushita Elec. Industrial Co., Ltd. v. Conram Int'l, Inc.*, C.A. 01-882-SLR, 2004 WL 32922, at *1 (D. Del. Jan. 5, 2004) (quoting *William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co.*, 668 F.2d 1014, 1057 (9th Cir. 1981)).

[9] *Id.* at *1 (citing *Medeva Pharma Ltd.*, 201 F.R.D. at 104).

[10] *Medeva Pharma Ltd.*, 201 F.R.D. at 104 (citation omitted).

3

Fed. R. Civ. P. 15(d) is essentially the same standard that applies to Fed. R. Civ. P. 15(a)."[11]

Federal Rule of Civil Procedure 8(a)(2)

In analyzing a complaint under Rule 8(a)(2) a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." That standard "does not require 'detailed factual allegations,' but . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[12] Thus, for a complaint to be sufficient, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[13] In evaluating the complaint, the court only determines the sufficiency of a complaint, but does not resolve disputed facts or decide the merits of the case.[14] The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims."[15]

---

[11] *Id.* at 104 n.3 (citing *Epstein v. Township of Whitehall*, C.A. No. 88-0534, 1989 U.S. Dist. LEXIS 7436, at *4 (E.D. Pa. June 29, 1989) ("[M]otions to amend are governed by the same prejudice standard that applies under Fed.R.Civ.P. 15(a).")). *See also Micron Tech. v. Rambus Inc.*, 409 F. Supp. 2d 552, 558 (D. Del. 2006) ("The standard under Rule 15(d) is 'essentially the same' as that under Rule 15(a), and leave to supplement should be granted unless it causes undue delay or undue prejudice.") (citing *Medeva Pharma Ltd.*, 201 F.R.D. at 104 n.3); *Intel Corp. v. Amberwave Sys. Corp.*, 233 F.R.D. 416, 418 (D. Del. 2005) ("The application of [Rule 15(d)] is within the 'broad discretion' of the court. 'Leave to supplement should be granted if it will promote the just disposition of the case, will not cause undue prejudice or delay and will not prejudice the rights of any parties.") (quoting *Medeva Pharma Ltd.*, 201 F.R.D. at 104).
[12] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), citing *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007).
[13] *Id.,* citing *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 12(b)(6).
[14] *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).
[15] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks and citation omitted).

Under the *Iqbal* and *Twombly* standards, the factual allegations must be sufficient to "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[16] A plaintiff is obliged "to provide the 'grounds' of his 'entitle[ment] to relief'" beyond "labels and conclusions."[17] Heightened fact pleading is not required: rather "enough facts to state a claim to relief that is plausible on its face" must be alleged.[18] The plausibility standard does not rise to a "probability requirement," but requires "more than a sheer possibility that a defendant has acted unlawfully."[19] Rejected are unsupported allegations, "bald assertions," or "legal conclusions."[20] Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."[21] Moreover, "only a complaint that states a plausible claim for relief survives a motion to dismiss," which is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[22] Thus, well-pled facts which only infer the "mere possibility of misconduct," do not show that "'the pleader is entitled to relief,'" under

---

[16] *Twombly*, 550 U.S. at 555; *see also Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007).
[17] *Twombly*, 550 U.S. at 555.
[18] *Id.* at 570.
[19] *Iqbal*, 129 S. Ct. at 1949.
[20] *Id.* ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citations omitted); *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light* Co., 113 F.3d 405, 417 (3d Cir. 1997) ("unsupported conclusions and unwarranted inferences" are insufficient); *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996) (allegations that are "self-evidently false" are not accepted).
[21] *Iqbal*, 129 S. Ct. at 1949; *see also Twombly*, 550 U.S. at 555 (a court is "not bound to accept as true a legal conclusion couched as a factual allegation").
[22] *Id.* at 1950.

Rule 8(a)(2).[23] "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief."[24]

## IV. THE PARTIES' POSITIONS

Xoft advances that plaintiffs' "motion to amend" is, in fact, a motion to supplement governed by Rule 15(d), and that the proposed amended complaint fails to allege sufficient facts justifying the addition of iCAD. In response, plaintiffs submit that they re-titled the pleading as a supplemental complaint and included additional facts to properly allege a claim of inducement to infringe against iCAD.

Plaintiffs maintain that the standard for supplementing pleadings under Rule 15(d) is essentially the same as required under for Rule 15(a), and that amendment or supplementation of the complaint will cause neither undue delay nor undue prejudice to Xoft. Plaintiffs assert that its motion is timely because leave was sought "a few weeks after learning of iCAD's acquisition of Xoft, and iCAD's contractual obligation to require Xoft to continue infringing Plaintiffs' patents"[25] In further support that no delay or undue prejudice would result from granting leave to amend or supplement, plaintiffs note that discovery has only recently begun; no scheduling deadlines would be affected; and "both Xoft and iCAD will have a full and fair opportunity to conduct discovery, participate in all critical case proceedings, and present facts to support their various defenses."[26]

---

[23] *Id.*
[24] *Id.*
[25] D.I. 67 at page 12.
[26] D.I. 67 at page 12.

## V. DISCUSSION

### Motion to Amend or Supplement the Complaint

The court will treat plaintiffs' motion to amend as a motion to supplement and permit supplementation of the complaint. As plaintiffs correctly state, "[t]he standard under Rule 15(d) is 'essentially the same' as that under Rule 15(a), and leave to supplement should be granted unless it causes undue delay or undue prejudice."[27] Neither Xoft nor iCAD has alleged that the supplementation of the complaint would cause undue delay or undue prejudice. Nor is the court convinced that plaintiffs' proposed supplement will cause undue delay or undue prejudice to Xoft or iCAD.

### Sufficiency of the Complaint

Xoft further argues that the proposed supplemental complaint is insufficient because it lacks sufficient factual information to meet the requirements of *Iqbal*[28] and *Twombly*[29]. In response to that argument, plaintiffs changed and included additional facts in their proposed supplemental complaint against iCAD.[30] Thereafter, Xoft did not further contend that the proposed supplemental complaint is insufficient. Nevertheless, the court will evaluate its factual plausibility.

Plaintiffs' proposed supplemental complaint includes a claim of inducement of infringement against iCAD. A claim for inducement of infringement requires initially a showing of an act of direct infringement. A plaintiff then must show that the alleged

---

[27] *Mallinckrodt Inc. v. EZ-EM Inc.*, 671 F. Supp. 2d 563, 569–70 (D. Del. 2009) (quoting *Micron Tech.*, 409 F. Supp. 2d at 558).
[28] 129 S.Ct. 1937.
[29] 550 U.S. 544.
[30] D.I. 67-1.

inducer "knew of the patents (and) . . . 'actively and *knowingly* aid[ed] and abett[ed] another's direct infringement.'" [31]

In support of their position, plaintiffs provided the merger agreement between Xoft and iCAD and cited to the clause requiring iCAD to allow Xoft to continue its operations consistent with past practice which includes selling the accused infringing products.[32] Additionally, in each claim for relief, plaintiffs alleged facts demonstrating potential direct infringement by Xoft. They further pled iCAD's knowledge of the patents-in-suit and Xoft's infringement and iCAD's aiding and abetting of Xoft's direct infringement through the merger agreement.

Therefore, in viewing all allegations in the proposed supplemental complaint as true, plaintiffs have sufficiently pled facts that iCAD induces infringement of the patents at issue, which allows iCAD to determine the bases of the averments and form a defense. Therefore, the proposed supplemental complaint provides sufficient factual substance to apprise iCAD of the claims against it.

## **ORDER**

Consistent with the findings contained in the Report and Recommendation of the same date,

IT IS RECOMMENDED that plaintiffs' motion for leave to file the supplemental complaint (D.I. 47) be granted. The supplemental complaint shall be filed consistent with LR 15.1.

---

[31] *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006) *citing Water Technologies Corp. v. Calco, Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1988). (emphasis in original).
[32] D.I. 67-1 at page 13.

Pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72 (b)(1), and D. Del. LR 72.1, any objections to the Report and Recommendation shall be filed within fourteen (14) days limited to ten (10) pages after being served with the same. Any response shall be limited to ten (10) pages.

The parties are directed to the Court's Standing Order in Non-*Pro Se* Matters for Objections Filed under Fed. R. Civ. P. 72 (dated November 16, 2009), a copy of which is found on the Court's website (www.ded.uscourts.gov.)

Dated: April 5, 2011  /s/   Mary Pat Thynge
UNITED STATES MAGISTRATE JUDGE